I2CANNELLA Judge.
Defendant, Dennis Donnelly, a Certified Public Accountant (CPA), appeals from a summary judgment granted to plaintiff, the State Board of Certified Public Accountants of Louisiana (the Board), in a case involving defendant’s failure to pay costs associated with a working papers review. We affirm.
The Board held a working papers review of defendant’s CPA practice in conformity with La.R.S. 87:75 in November of 1994. In response to the Board’s request, defendant sent the Board the appropriate papers, but included a notation that he believed the procedure to be without merit and that he did not consider himself responsible for payment of expenses associated with the review. Following the review, the Board found that defendant was substantially complying with the applicable standards for CPAs. With the decision, the Board sent defendant an invoice for expenses associated with the review in the amount of $50, all in accordance with R.S. 37:75. Defendant refused to pay and after Igfive attempts to collect the $50 with no success, one of the Board members filed an administrative complaint against defendant. A hearing was held on July 27, 1995. On August 21, 1995, a decision was rendered by the Board reprimanding defendant for failing to pay the working papers review costs, ordering him to pay the $50, a fine of $500 and all costs incurred by the Board associated with the proceedings, (including $885 for attorneys fees, $127.50 for court reporter fees and $40.58 for service, fax, postage, copying and telephone costs) all payable within 30 days and ordering publication of the Board’s action in the newsletter Lagniappe and notifying other boards of accountancy, appropriate agencies and organizations. The Board invoiced defendant for $1,603.08. Notice of the decision which outlined defendant’s appeal rights was forwarded to defendant on August 28, 1995. Defendant continued to refuse to pay the amount assessed in the decision. However, defendant did not either appeal the decision to the district court or ask for rehearing/reconsideration of the decision, as provided for in La.R.S. 49:964 and 49:959. The decision of August 21, 1995 became final.
On November 8, 1995, the Board filed a Petition to Enforce Decision and Order in the district court seeking a judgment to enforce the decision. Defendant responded with a Motion to Dismiss based on the Board’s “willful disregard of the facts through omission, misrepresentation, distortion of the sequence of events and self contradictory positions.” The Board opposed the Motion to Dismiss asserting that defendant failed to appeal or contest the decision timely under R.S. 49:964 or 49:959. This was *129 evidenced by an affidavit by the executive director, Mildred McGaha. The Motion to Dismiss was denied on June 6, 1996. On June 7, 1996, the Board requested a summary judgment, contending that there were no facts in dispute since defendant had faded to appeal the Board’s decision and that the Board was entitled to judgment as a matter of law. On June 10, 1996, defendant countered by filing a Motion for Production requesting information on the reviewers who conducted the working papers review and other ^discovery information. On June 28, 1996, defendant then filed for a summary judgment asserting that plaintiff failed to properly follow the administrative procedures for the hearing of the complaint and faded to properly respond to his Motion for Production. Defendant also filed a Motion to Compel discovery. After a hearing on the motions, on July 16, 1996, the trial judge granted the summary judgment of the Board and ordered defendant to pay the $50 plus other expenses totaling $1603.08. He further awarded an additional $500 in penalties and $500 for attorneys fees pursuant to La.R.S. 37:84(B). It is from this judgment of July 15,1996 that defendant now appeals.
On appeal, defendant filed a pro se brief, complaining that the Board failed to prove that it strictly complied with the Louisiana Administrative Code, LAC:46:XIX.2901. He contends that the Board failed to show that the charges were initiated by resolution. Defendant argues that R.S. 37:84, entitling the Board to summary judgment, is predicated upon the presumption of complete compliance with the Louisiana Administrative Code. The failure to observe and adhere to the tenets of the Administrative Code invalidates the Board’s actions. In addition, defendant asserts that the Board has not fully responded to defendant’s Requests For Production submitted June 10, 1996, despite a pending Motion to Compel. Defendant contends that these matters constitute genuine issues of material fact which preclude summary judgment.
The record shows that the working papers review found that defendant was complying with the standards and thus is a competent CPA in good standing. Defendant refused to pay the $50 in costs assessed by the Board because he objected to the entire procedure as established by La.R.S. 37:75, because he did not incur the bill or give the Board the authority to incur the bill for him. After sending defendant several bills, the Board sent him a notice from it’s attorney informing him that the Board was authorized by law to conduct the proceedings and to bill him for expenses and notifying him that formal Isproceedings would be brought if he did not pay. He responded in a letter of May 8, 1995 that he found it implausible that a disagreement with the Board with respect to an invoice represented a breach of professional conduct. He also stated that formal proceedings are not in the public interest because the it stifles legitimate dissent. He complained that the invoice does not itemize the services which prevents scrutiny of the reasonableness of the bill.
One of the Board members responded by initiating a formal complaint with the Board, asserting that defendant’s refusal to pay the $50 invoice reflects a complete disregard for the authority of the Board and therefore reflects adversely on his fitness to engage in the practice of public accounting. After the hearing, the Board used a written form to evaluate its findings of fact and decision. The form provides for a number of actions that the Board could take in any complaint. The Board could take no action, revoke or cancel the CPA certificate, revoke or suspend the license to practice, issue an official censure or reprimand, order payment of costs and a fine, publish the action in the CPA newsletter and other relevant entities, put defendant on probation and/or place other restrictions on him.
Under the statute, peer review for CPAs can be voluntary or involuntary, but all CPAs are regularly, randomly and periodically reviewed. R.S. 37:75. Defendant did not participate in a voluntary review, but was the subject of an involuntary review. In the voluntary review, the CPA brings his working papers to the Board and surrenders them for review. The Board is permitted to charge the CPA being reviewed reasonable expenses associated with the procedure.
*130 LA R.S. 37:75 provides for the duties and powers of the board. Paragraph 12 states that the Board may:
(12) Adopt and enforce rules and regulations providing for the board’s regular, periodic review of the form of audit, review, and compilation reports issued by individuals and firms registered with the board for compliance with applicable, generally accepted ^standards. The board shall, during any such period, exempt from the requirement of such review of reports certified public accountants and firms of certified public accountants who, during such period, have been subjected to a professional peer review approved by and acceptable to the board and conducted pursuant to standards not less stringent than peer review standards applied by the American Institute of Certified Public Accountants ... The board may engage a certified public accountant in the unclassified service or firm of certified public accountants to conduct such review on behalf of and as agent for the board and report his or its findings to the board. Rules and regulations adopted by the board hereunder may:
(a) Establish a program for the scheduled inspection, examination, and review of working papers developed by individual and firm registrants in connection with the issuance of any audit, review, or compilation report and provide for such a review of all individual and firm registrants within each three-year period or such longer period as the board may prescribe. The board shall, during any such period, exempt from the requirement of such review of working papers certified public accountants and firms of certified public accountants who, during such period, have been subjected to a professional peer review approved by and acceptable to the board and conducted pursuant to standards not less stringent than peer review standards applied by the American Institute of Certified Public Accountants ...
(b) Provide that a certified 'public accountant or a firm of certified public accountants shall reimburse the board for expenses incurred by the board in connection with its review of the working papers of any such certified public accountant or firm; however, such reimbursable expenses shall include only reasonable travel expenses and a per diem prescribed by the board, and provided further that the aggregate amount of such reimbursable expenses shall not exceed the sum of one thousand dollars as to any certified public accountant or firm of certified public accountants within any three-year period, [emphasis added]
R.S. 37:84 provides the causes for non-issuance, suspension, revocation, or restrictions on licenses and for fines and reinstatement:
A. The board may refuse to issue, or may suspend, revoke, or impose probationary or other restrictions on, any certificate and/or license issued under this Chapter or the registration of any firm or its successor, for the following causes:
17(1) Conviction of a felony or entry of a plea of guilty or nolo contendere to a felony charge under the laws of the United States or of any state;
(2) Conviction of any crime or entry of a plea of guilty or nolo contendere to any criminal charge an element of which is fraud or which arises out of such individual’s or firm’s practice of public accounting;
(3) Fraud, deceit, or perjury in obtaining any certificate or license issued under this Chapter or in registering with the board as an accounting firm;
(4) Providing false testimony before the board;
(5) Efforts to deceive or defraud the public;
(6) Professional incompetency;
(7) Rendering, submitting, subscribing or verifying false, deceptive, misleading or unfounded opinions or audits;
(8) The refusal of the licensing authority of another state to issue or renew a license, permit, or certificate to practice public accounting in that state, or the revocation or suspension of or other restriction imposed on a license, permit, or certificate issued by any such licensing authority; or
*131 (9) Violation of any provision of this Chapter, or any rules or regulations of the board or rules of professional conduct promulgated by the board.
B. (1) The board may, upon a finding of violation of any provision of this Chapter, in lieu of or in addition to suspension or revocation of a certificate, license, or firm registration, as a probationary condition or as a condition of the reinstatement of any certificate, license, or registration suspended or revoked hereunder, require the certificate or license holder or registered firm to pay a fine equivalent to all costs of the board proceedings, including investigators’, stenographers’ and attorneys’fees, plus one thousand dollars. If a person or firm, against whom costs or a fine are imposed by the board, fails to pay in full within thirty days of the effective date of the order imposing such costs or fine, or on or before a later date as the board may specify, the board may enforce its order by bringing an action in a court of competent jurisdiction and proper venue as to such person or firm.
(2) The trial of the proceeding shall be summary, by the judge without a jury, and the court may receive evidence by form of affidavit. Upon proof that the Isrespondent has failed to pay timely all costs or fine imposed by the board, the court shall enter judgment in favor of the board. The court shall order the respondent to pay the board, within a reasonable time fixed by the court, the costs and fines imposed by the board, the costs and reasonable attorney’s fees incurred by the board in bringing the action, plus a civil penalty of not less than five hundred dollars nor more than one thousand dollars as may be determined by the court. The failure of a respondent to comply with the order of the court shall constitute and be punishable as a contempt of court for which the board may seek relief in accordance with law.
C. Four concurring votes of the board shall be required for the revocation of any certificate, license, or registration. Three concurring votes shall be required for the suspension of any certificate, license, or registration or the imposition of costs or fines in excess of five hundred dollars.
[emphasis added]
The Board asserts that defendant failed to appeal the decision of the Board dated August 21, 1995 within 30 days and thus, the decision of the Board became final. Therefore, the trial judge was required to affirm the decision of the Board. Plaintiff further asserts that under R.S. 37:84 B.(l) the trial judge must order the payment of the costs and fines imposed by the Board, the costs and reasonable attorney’s fees incurred by the Board in bringing the action, plus a civil penalty of not less than $500 nor more than $1,000 as may be determined by the court. We agree. Defendant failed to timely appeal the August 21,1995 decision of the Board. Any defects in the administrative proceedings were issues that should have been raised in a timely appeal of that decision. Lacking an appeal, the district court is without jurisdiction to alter the Board’s decision. However, the Board must support it’s Motion for Summary Judgment by showing that there are no genuine issues as to material fact and mover is entitled to judgment as a matter of law, under La.C.C.P. 966.
In the Motion for Summary Judgment, plaintiff produced copies of the decision, the certified mail receipt showing receipt by defendant of the Notice of Final Decision, the Notice of Final Decision, two affidavits of Mildred McGaha explaining the Final Decision and asserting that defendant failed to appeal within |⅞30 days of the Notice of Final Decision. Since defendant failed to appeal the decision, there are no genuine issues as to material fact relative to the merits of the decision. Thus, the Board sought and is entitled to a judgment ordering enforcement of the Board’s August 21, 1995 decision and ordering payment of the sum of $1603.08. Further, the trial judge was mandated by R.S. 37:84 B(2) to order payment of the additional minimum fine of $500, costs of the proceedings and payment of reasonable attorneys fees in the minimum amount of $500.
In it’s brief, the Board requested additional attorneys fees for the appeal. We find that the Board is entitled to attorneys *132 fees for the appeal and award additional attorneys fees for the appeal in the amount of $500.
Accordingly, the judgment of the trial court dated July 15, 1996 which granted the Petition to Enforce Decision and Order is hereby affirmed. We hereby award to the State Board of Certified Public Accountants of Louisiana additional attorneys fees in the amount of $500 for the appeal.
Costs of this appeal are to be paid by defendant.

AFFIRMED.